**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WELLS FARGO BANK NA,** | ) | |
| **Trustee for Riverview Mortgage** | ) | |
| **Loan Trust 2007-3,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:14-CV-1646-L-BH** |
| | ) | |
| **MICHAEL AGNEW** | ) | |
| ***and all occupants,*** | ) | |
| | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *in forma pauperis* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be **DISMISSED** for lack of jurisdiction, or in the alternative, *sua sponte* **REMANDED** to the state court for lack of subject matter jurisdiction.

## I. BACKGROUND

On April 24, 2014, Wells Fargo Bank NA as Trustee for the Riverview Mortgage Loan Trust 2007-3 (Plaintiff) obtained a judgment in a forcible detainer action against Michael Agnew (Defendant) and the occupants of 602 Hoke Smith Drive, Dallas, Texas, 75224 (the Property), in County Court at Law No. 5. (*See* doc. 1 at 5-6.) On May 5, 2014, Defendant filed a notice of removal of the action to the federal district court for the Northern District of Texas, alleging the existence of federal question and diversity jurisdiction. (*See id.* at 2.)[1]

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

---

[1] The notice of removal fails to comply with the requirements of Local Civil Rule 81.1 of the Local Civil Rules for the Northern District of Texas, because it does not include the docket sheet for the state court action, the documents filed in the state court action, or an index.

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Accordingly, the Court must *sua sponte* determine whether it has jurisdiction over this removed case. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper).

**A. Rooker-Feldman Doctrine**

The *Rooker-Feldman* doctrine[2] divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 125 S. Ct. 1517, 1521-22 (2005). "'[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). Under 28 U.S.C. § 1257, only the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. Accordingly, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district

---

[2] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 290 (2005).

court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). This jurisdictional bar extends even to those cases "'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)). This jurisdictional limitation cannot be evaded by asserting new claims in the federal proceeding. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

Here, Defendant has provided a state court judgment in a forcible detainer action that was issued before he purported to remove that action. (*See* doc. 1 at 5.) His filing shows an intent to attack the underlying state court judgment, and any constitutional claims that he intends to raise in this case are inextricably intertwined with that state court judgment. The *Rooker-Feldman* doctrine therefore divests this Court of subject matter jurisdiction over his challenge to the state court's judgment.

Notwithstanding the state court judgment attached to the notice of removal, Defendant asserts that there is no final judgment in the underlying state action. (*See* doc. 1 at 2.) In *Storyville Dist. New Orleans LLC v. Canal Street Development*, 785 F. Supp. 579, 587-90 (E.D. La. 2011), the court noted that the Fifth Circuit has not expressly determined whether the *Rooker-Feldman* doctrine applies only where the state proceedings, including appeals, have ended, or whether it applies to suits seeking review of a state court judgment regardless of whether it is being appealed. After a thorough analysis of the split of authority, the court concluded that the most supportable position was that of the courts holding that *Rooker-Feldman* applies only where the state proceedings, including appeals if taken, have concluded. *Id.* at 588-90.

Assuming, without deciding, that *Rooker-Feldman* applies only where the state proceedings,

including appeals if taken, have concluded, Defendant has not alleged or shown that the state court proceedings have not concluded. Nevertheless, even if there have been further proceedings in the underlying state court action that make the *Rooker-Feldman* doctrine inapplicable, the Court still lacks subject matter jurisdiction over this removed action.

**B. Lack of Original Jurisdiction**

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

***1. Federal Question Jurisdiction***

In his notice of removal, Defendant alleges that federal question jurisdiction exists because this case involves the taking of real property through a non-judicial foreclosure without due process".[3] (doc. 1 at 2.)

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004);

---

[3] sThe Fourteenth Amendment provides in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law ...." U.S. CONST. amend. XIV, § 2.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

It is "not sufficient for the federal question to be raised in the answer or in the petition for removal." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), *cert. denied*, 537 U.S. 1046 (2002). "[T]here is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.*; *see also Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim" because "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction"; *Fed. Nat. Mortg. Ass'n*, 2010 WL 4627833, at *3 (holding that even if a federal statute "supplied a federal defense" for the plaintiff in a foreclosure action, "it would still be insufficient for federal jurisdiction because *Plaintiff's pleadings* must raise the federal claim or issue") (emphasis in original). A post-foreclosure action for forcible detainer and writ of possession arises solely under state law and does not provide a basis for federal jurisdiction. *See Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *4 (N.D. Tex. Nov. 16, 2010) (holding that a forcible detainer action to evict residents and obtain physical possession of property under

Tex. Prop. Code § 24.004 does not raise a federal claim or provide basis for federal question jurisdiction).

Defendant has not shown that Plaintiff's forcible detainer action presented a federally-created cause of action or that its right to relief depended on the resolution of a substantial question of federal law. To the extent that he now seeks to assert new claims, defenses, or counterclaims that arise under federal law in his notice of removal, these new claims still cannot be considered in determining whether federal question jurisdiction exists. Accordingly, he has not met his burden to show federal question jurisdiction exists over this removed action.

**2. *Diversity Jurisdiction***

In his notice of removal, Defendant also asserts that federal jurisdiction exists based on diversity jurisdiction. (doc. 1 at 2.)

**a. Citizenship**

A case removed under § 1332 must have complete diversity of citizenship. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). Because Defendant's notice of removal fails to "distinctly and affirmatively" alleges Plaintiff's citizenship and his own, he has not met his burden to show diversity of citizenship.

**b. Amount in Controversy**

The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction and must be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H*

*Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

In the context of forcible detainer actions involving foreclosed property, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession. *See Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *report and recommendation adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (collecting cases). By contrast, when the loss of title to property is at issue, the property itself is the object of the litigation and its value is the proper measure of the amount in controversy. *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *3 (S.D. Tex. Mar. 23, 2012).

Here, the state court judgment reflects that the only issue raised by Plaintiff's state court forcible detainer action was the right to possession. Defendant has not shown that Plaintiff sought money damages, disputed the title to the Property, or sought any debt related to the Property in the forcible detainer action, so he failed to show that the amount in controversy requirement for diversity jurisdiction has been met. Defendant has not shown a basis for the exercise of diversity jurisdiction over this case.

## III. RECOMMENDATION

This case should be **DISMISSED** for lack of jurisdiction based on the application of the *Rooker-Feldman* doctrine. In the alternative, it should be *sua sponte* **REMANDED** to the County

Court at Law No. 5 of Dallas County, Texas, for lack of subject matter jurisdiction.

**SO RECOMMENDED this 6th day of May, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE